EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
Plaintiff,

v.

AMERICAN AIRLINES, INC., Defendant.

No. 4:93–CV–203–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

Nov. 9, 1993.

Katherine Elizabeth Bissell, E.E.O.C., Dal-
las, TX, for E.E.O.C.

Donald Edward Herrmann, Dee J Kelly, Kelly Hart & Hallman, Fort Worth, TX, Gordon Dean Booth, Jr., Scott Anthony Wharton, Lawrence Dale Owens, Booth Wade & Campbell, Atlanta, GA, for American Airlines Inc.

Richard J. Burton, Richard J Burton & Associates PA., Dania, FL, for Thomas Fitzgerald.

Raymond C. Fay, Bell Boyd & Lloyd, Cathy Ventrell–Monsees, American Ass'n of Retired Persons, Washington, DC, American Ass'n of Retired Persons.

Sanford Ross Denison, Law Office of Sanford Ross Denison, Irving, TX, Ray James Duke, Allied Pilots Ass'n, Arlington, TX, for Allied Pilots Ass'n.

## MEMORANDUM OPINION and ORDER

McBryde, District Judge.

Came on for consideration the second motion of defendant American Airlines, Inc.,[1] ("American") for partial summary judgment. The court, having considered the motion, the response of plaintiff, Equal Employment Opportunity Commission, ("EEOC"), American's reply thereto, other pertinent parts of the record, and applicable authorities, finds that the motion should be granted.

### I.

*Nature and History of Litigation*

This is an action by EEOC on behalf of applicants for employment with American as a pilot age 40 and over who were denied employment. EEOC has asserted two separate claims for recovery, both claiming discrimination under the Age Discrimination in Employment Act of 1967, as amended.[2] 29 U.S.C. §§ 621 *et seq.* ("ADEA"). EEOC's first claim is that American's policy of hiring only persons who will progress to the rank of captain (the "hire-only-captain" policy) discriminates against applicants on the basis of age. By memorandum opinion and order signed October 26, 1993, the court granted American's first motion for partial summary judgment directed to the hire-only-captain policy and dismissed that claim. EEOC's second claim is that American violated the ADEA by discriminating on the basis of age against applicants age 40 and over who were not excluded from consideration by American's hire-only-captain policy.

### II.

*American's Second Motion for Summary Judgment, and EEOC's Response Thereto*

By its second motion for partial summary judgment, American asks that the court dismiss EEOC's second claim for the reason that EEOC has not adduced summary judgment evidence raising a material issue of fact as to that claim. American's motion directs the court's attention to EEOC's description of the sole factual basis of its second claim, as EEOC described it in its interrogatory answers:

The EEOC also claims that American Airlines violated the ADEA by discriminating against pilot applicants age 40 and over who were not excluded from consideration for hire by the defendant's hire only captain policy. While these individuals would not have been excluded from consideration for hire pursuant to American's policy, they were rejected in disproportionate numbers by American Airlines in fact. Using applicant flow data supplied by the defendant for the time period January 1989 through September 1991, the EEOC determined that although 15.6% of applicants under 40 were hired, only 8.8% of applicants age 40–44 were hired. This disparity is statistically significant at the nine

---

1. Allied Pilots Association, which is nominal defendant to this action pursuant to Fed.R.Civ.P. 19(a), has not participated in the filing of the motion or the making of a response thereto.

2. The nature of EEOC's claims is explained in one of its interrogatory answers and in the introductory paragraph of its response to American's second motion for partial summary judgment.

Notice of Filing of Discovery Materials Pursuant to Rule 2.2(d), L.R.N.D. Tex. (filed 8/23/93), interrogatory answers attached thereto at 2–4; Equal Employment Opportunity Commission's Response and Brief in Opposition to American Airlines, Inc.'s Second Motion for Summary Judgment at 1–2.

standard deviation level. Overall, the disparity in treatment of those age 40 and above compared with those under 40 is significant at twelve standard deviations. Notice of Filing of Discovery Materials Pursuant to Rule 2.2(d), L.R.N.D. Tex. (filed 8/23/93), interrogatory answers attached thereto at 3–4.

As required by Rule 5.2(a) of the Local Rules of the United States District Court for the Northern District of Texas, American set forth in its second motion the undisputed facts upon which the motion relies, the first two of which are as follows:

    1.  The EEOC's claims that American discriminated against pilot applicants age 40 or over, when they were not excluded by American's policy of hiring only those persons that it predicted could progress to and serve as Captain, are based on a comparison between the numbers of persons hired in a group consisting of all applicants during a specified time period. Plaintiff's Answers and Objections to Defendant's Second Set of Interrogatories, p. 3–4.

    2.  The persons identified by the EEOC are included in its claims simply on the basis that they applied, they were age 40 or over, and they were not hired. The EEOC does not furnish any information regarding the qualifications of any such persons. *Id.*, p. 2.

Defendant American Airlines, Inc.'s Second Motion for Partial Summary Judgment and Proposed Order ("Second Motion") at 2–3. Other undisputed facts listed by American describe groups of applicants which EEOC included in its statistical studies upon which the second claim is factually based who were not qualified or eligible for employment by American as a pilot for reasons other than age or American's hire-only-captain policy. The Second Motion gave several examples of classifications of applicants who American contends were, but should not have been, included in the statistical comparisons on which EEOC said it predicated its second claim.

EEOC's response to the Second Motion does not take issue with American's first and second statements of undisputed facts, as set forth above.[3] Rather, EEOC urges that it has raised a fact issue by new statistical information based on studies that, among other new assumptions, excluded disqualified applicants who were identified by American in the Second Motion as examples of applicants who were not qualified for hire. Equal Employment Opportunity Commission's Response and Brief in Opposition to American Airlines, Inc.'s Second Motion for Summary Judgment ("EEOC's Response") at 2–6.

Two of the issues of law upon which American bases the Second Motion are as follows:

    1.  Whether the EEOC can establish an inference of discrimination by statistical comparisons to a group of all applicants, without showing that all persons in the comparison are qualified and eligible for the pilot position at issue.

    . . . .

    3.  Whether statistical comparisons which are insufficient as a matter of law to create an inference of discrimination raise any genuine of issue of material fact for trial.

Second Motion at 5. EEOC does not deny in its response that American has accurately stated issues of law that exist in this action. Instead, EEOC states as a legal proposition that its statistical evidence is sufficient to raise a material issue of fact that American discriminated against pilot applicants age 40 and over on the basis of age. EEOC's Response at 6. The new statistical analysis upon which EEOC relies in its response is explained and verified by the declaration of Jack Kearns, a psychologist in the employ of EEOC whose work includes statistical analysis and support of attorneys in matters related to employment discrimination. EEOC's Response, Ex. "2."

After EEOC filed its response, American took the deposition of Mr. Kearns, and then filed a reply to which it attached pertinent parts of the deposition transcript. Mr. Kearns' testimony establishes that even

---

**3.** Local Rule 5.2 requires that the response to a motion for summary judgment list in numerical order "the disputed facts upon which the response relies." Local Rules of the United States District Court for the Northern District of Texas, Rule 5.2(a).

EEOC's new statistical comparisons assume without proof that all applicants who were taken into account in the comparisons were qualified and eligible to be employed by American as a pilot. Defendant American Airlines, Inc.'s Reply Brief in Support of Second Motion for Partial Summary Judgment ("Reply Brief"), tab 1 at 21, 33, 35–39, 85–86, 97–98, 100. EEOC has not made further response to the Second Motion, nor has it sought additional time pursuant to Fed.R.Civ.P. 56(f) to add to the summary judgment record.

### III.

*Applicable Summary Judgment Principles*

■ A defendant who moves for summary judgment is entitled to have judgment on the adversary's claim if the summary judgment record does not raise a genuine issue of fact as to an essential element of the claim. Fed.R.Civ.P. 56(c). *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). The moving party has the initial burden of pointing out that there is no genuine issue of material fact. *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. The movant may discharge this burden by showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 2700, 89 L.Ed.2d 538 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. *Anderson,* 477 U.S. at 248, 256, 106 S.Ct. at 2510, 2514. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Simmons v. Lyons,* 746 F.2d 265, 269 (5th Cir.1984). The Fifth Circuit explained the burden placed on the non-movant:

When the nonmovant fails to make a sufficient showing on an essential element of

her case, the moving party is entitled to summary judgment "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."

*McKee v. City of Rockwall, Texas,* 877 F.2d 409, 414–15 (5th Cir.1989), *cert. denied,* 493 U.S. 1023, 110 S.Ct. 727, 107 L.Ed.2d 746 (1990) (quoting *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. at 2552).

### IV.

*Analysis*

■ The United States Supreme Court has made clear that, in cases involving skilled employment positions where discrimination is alleged, a plaintiff who is relying on statistical comparisons must compare the treatment only of those eligible and qualified for the position at issue. *City of Richmond v. J.A. Croson Co.,* 488 U.S. 469, 501–02, 109 S.Ct. 706, 725–26, 102 L.Ed.2d 854 (1989); *Hazelwood Sch. Dist. v. United States,* 433 U.S. 299, 308–09, 97 S.Ct. 2736, 2741–42, 53 L.Ed.2d 768 (1977). There is no disagreement that the position of commercial airline pilot is a skilled employment position. The Fifth Circuit has likewise held that a plaintiff must make the required showing of discrimination based on a comparison of persons qualified for the position at issue and that he cannot meet his burden by merely assuming that all applicants are equally qualified for the position. *Pouncy v. Prudential Ins. Co.,* 668 F.2d 795, 803 (5th Cir.1982). *See also Price v. Denison Indep. Sch. Dist.,* 694 F.2d 334, 376 (5th Cir.1982); *Robinson v. City of Dallas,* 514 F.2d 1271 (5th Cir.1975).

American and EEOC are in agreement that for there to be a relevant statistical comparison in a case such as this the comparison must be between qualified applicants over and under age 40. In its response, EEOC concedes:

As American Airlines correctly states, the relevant comparison in a pattern and practice involving an allegation of age discrimination in hiring is between *qualified* applicants over and under age 40. American Airlines Brief in Support of Second Motion for Summary Judgment at 8, *citing*

*Hazelwood School District v. United States,* 433 U.S. 299, 308–09 [97 S.Ct. 2736, 2741–42, 53 L.Ed.2d 768] (1977) (emphasis in original).

EEOC's Response at 6. Thus, an essential element of EEOC's second claim, which stands or falls on a statistical comparison, is proof that the comparison is between qualified applicants. Under the summary judgment principles mentioned above, EEOC had the summary judgment burden to adduce summary judgment evidence of the existence of this essential element.

While the parties are in agreement as to the legal principle involved, they disagree as to the effect that principle has on entitlement, *vel non,* of American to a summary judgment on EEOC's second claim. EEOC admits that its initial comparison improperly included all applicants, without regard to qualification or eligibility for employment as a pilot for American. EEOC's Response at 7. The deposition testimony of Mr. Kearn establishes that even his revised statistical analysis was predicated on a comparison that was done on the unsupported factual assumption that all applicants included in the comparison were qualified to be hired by American as pilots. Although he took into account in his analysis certain factors that a computer printout indicated were significant, he did not reach any conclusion as to whether all applicants he included in his comparison were qualified for hire as pilots under legitimate hiring practices of American. For example, Mr. Kearn acknowledged that American's hiring process has multiple phases and that he did not make any analysis of the likelihood that any applicant would be considered qualified for hire as a pilot at the conclusion of the multi-phase application process:

Q. Were you able to see from the data base information that you were provided that in order to ultimately be offered a job by American an applicant had to satisfy a series of measurements?

A. Yes. I mean, I guess, yes.

Q. That they would get—

A. It's a multi-step process.

Q. So you understood that they would have to go through a Phase_1 step and then a Phase_2 step?

A. Yes.

Q. And then a Phase_3 step and so forth?

A. Yes.

Q. Were you also furnished information that these multiple steps would include, for example, some medical examinations, for example?

A. Yes.

Q. And that it would include two different interviews?

A. I believe I read that, yes.

Q. And that it would include an evaluation or test on a flight simulator to see how the applicant performed in a simulated flight environment?

A. Yes.

Q. Did you make any analysis of how each of those various points in the screening process affected applicants differentiated by age?

A. No. You're talking about these additional, additional steps in addition to the ones we've been talking about, as I understand your question, additional—

Q. Yes.

A. —qualification steps?

Q. Yes.

A. I just want to make sure.

Q. And your answer is that you did not do that?

A. I did not do that, right.

Reply Brief, tab 1 at 97–99.

■ In the final analysis, EEOC is asking the court to assume, without proof, that its new comparisons are between similarly situated groups of applicants age 40 and over and those under age 40. Yet, its statistical expert admits that the statistical comparisons proposed by EEOC are not between groups whose members have been determined to be eligible and qualified for hire by American as a pilot. Because EEOC has not met its summary judgment burden to come forward with summary judgment evidence to show that its statistical comparisons are between groups of qualified and eligible applicants,

American's Second Motion should be granted.

## V.

### *Order*

Therefore,

The court ORDERS that American's Second Motion be, and is hereby, granted; that EEOC take nothing on its claim that American discriminated against applicants age 40 and over who were not otherwise excluded from consideration by the hire-only-captain policy; and, that such claim be, and is hereby, dismissed.

### FINAL JUDGMENT

In accordance with the court's memorandum opinion and order of even date herewith,

The court ORDERS, ADJUDGES and DECREES that plaintiff, Equal Employment Opportunity Commission, take nothing on its remaining claims against defendant American Airlines, Inc. and that such claims be, and are hereby, dismissed. The court further ORDERS, ADJUDGES and DE-CREES that defendant American Airlines, Inc., have and recover its court costs from plaintiff.